UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:05-CR-323-1-BO-4
NO. 5:05-CR-323-2-BO-4
NO. 5:05-CR-323-3-BO-4
NO. 5:05-CR-323-4-BO-4
NO. 5:05-CR-323-5-BO-4
NO. 5:05-CR-323-6-BO-4
NO. 5:05-CR-323-7-BO-4

**UNSEALED**
Date 1-9-2006

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | I N D I C T M E N T |
| ) | (SEALED) |
| DANIEL LEIGH BAREFOOT ) | |
| SHARON RENEE BAREFOOT ) | |
| JONATHAN ASHLEY AVERY ) | |
| JONATHAN MAYNARD ) | |
| MARVIN GLEN GAUTIER ) | |
| MICHAEL ANTHONY BREWER ) | |
| ROSSIE LYNWOOD STRICKLAND ) | |
| a/k/a Rocky Strickland ) | |

The Grand Jury charges:

COUNT ONE

Beginning in or about October, 2001, and continuing until in or about June, 2002, the exact dates being unknown, in the Eastern District of North Carolina and elsewhere, defendants DANIEL LEIGH BAREFOOT, SHARON RENEE BAREFOOT, JONATHAN ASHLEY AVERY, JONATHAN MAYNARD, MARVIN GLEN GAUTIER, MICHAEL ANTHONY BREWER, and ROSSIE LYNWOOD STRICKLAND, a/k/a Rocky Strickland, did knowingly conspire, confederate and agree with each other and with other persons, both known and unknown to the Grand Jury, to commit offenses against the United States, that is, to knowingly receive, possess, conceal, store, barter, sell and dispose of stolen firearms which had been

shipped and transported in interstate and foreign commerce, knowing and having reasonable cause to believe the firearms were stolen, and to aid and abet each other in so doing, in violation of Title 18, United States Code, Sections 922(j) and (2).

## Objective of the Conspiracy

The objective of the conspiracy was to profit from the sale of stolen firearms.

## Overt Acts

In furtherance of the conspiracy and to accomplish its objective, the defendants committed overt acts in the Eastern District of North Carolina and elsewhere, including the following:

1. On or about October 13, 2001, defendants DANIEL BAREFOOT, JONATHAN ASHLEY AVERY, and JONATHAN MAYNARD, acting at the direction of a person known to the Grand Jury (referred to herein as Co-Conspirator #1), stole approximately 31 firearms from an outbuilding at a residence in Benson, North Carolina.

2. On or about October 13, 2001, defendants DANIEL BAREFOOT, JONATHAN ASHLEY AVERY, and JONATHAN MAYNARD transported the stolen firearms to the residence of defendant SHARON RENEE BAREFOOT at 570 Mamie Road in Benson, North Carolina.

3. On or about October 13, 2001, defendants DANIEL BAREFOOT, JONATHAN ASHLEY AVERY, JONATHAN MAYNARD, SHARON RENEE

2

BAREFOOT, MARVIN GLEN GAUTIER, and Co-Conspirator #1 cleaned the stolen firearms inside the residence of SHARON RENEE BAREFOOT in order to remove fingerprints.

4. On or about October 14, 2001, defendant MARVIN GLEN GAUTIER and Co-Conspirator #1 transported some of the stolen firearms to a barn in Benson, North Carolina, in order to hide them.

5. In or about October, 2001, defendant MARVIN GLEN GAUTIER and Co-Conspirator #1 transported some of the stolen firearms to the residence of defendant MICHAEL BREWER, who purchased the firearms from Co-Conspirator #1.

6. In or about October, 2001, Co-Conspirator #1 gave defendant MICHAEL BREWER approximately ten of the stolen firearms. Co-Conspirator #1 told BREWER to put the firearms in BREWER'S barn. Co-Conspirator #1 also told BREWER that in the next few days someone would take the guns and leave $1,500 in BREWER'S mailbox. A few days later, the firearms disappeared and $1,500 was left in BREWER'S mailbox. BREWER then gave the money to Co-Conspirator #1.

7. In or about June, 2002, defendants SHARON RENEE BAREFOOT and ROSSIE LYNWOOD STRICKLAND, a/k/a Rocky Strickland, removed some of the stolen firearms from a barn on the property of SHARON RENEE BAREFOOT. STRICKLAND sold the

3

firearms for approximately $150.00 and gave the money to SHARON RENEE BAREFOOT.

All in violation of Title 18, United States Code, Section 371.

## COUNT TWO

On or about October 13, 2001, in the Eastern District of North Carolina, defendants DANIEL LEIGH BAREFOOT, JONATHAN ASHLEY AVERY, and JONATHAN MAYNARD, aiding and abetting each other and other persons known and unknown to the Grand Jury, did knowingly steal approximately 31 ~~stolen~~ firearms, which had been shipped and transported in interstate and foreign commerce, in violation of Title 18, United States Code, Sections 924(l) and 2.

## COUNT THREE

On or about October 13, 2001, in the Eastern District of North Carolina, defendants DANIEL LEIGH BAREFOOT, SHARON RENEE BAREFOOT, JONATHAN ASHLEY AVERY, JONATHAN MAYNARD, and MARVIN GLEN GAUTIER, aiding and abetting each other and other persons known and unknown to the Grand Jury, did knowingly receive, possess, conceal and store approximately 31 stolen firearms which had been shipped and transported in interstate and foreign commerce, knowing and having reasonable cause to believe the firearms were stolen, in violation of Title 18, United States Code, Sections 922(j), 924 and 2.

4

## COUNT FOUR

On or about October 14, 2001, in the Eastern District of North Carolina, defendant MARVIN GLEN GAUTIER, aiding and abetting other persons known and unknown to the Grand Jury, did knowingly possess, conceal and store stolen firearms, which had been shipped and transported in interstate and foreign commerce, knowing and having reasonable cause to believe the firearms were stolen, in violation of Title 18, United States Code, Sections 922(j), 924 and 2.

## COUNT FIVE

On or about October 21, 2001, defendants JONATHAN ASHLEY AVERY and JONATHAN MAYNARD, aiding and abetting each other, did knowingly possess, conceal and store two stolen firearms, specifically, a Mosin Nagant, Model 1955-26, 7.62x54r rifle, and a Remington, Model 870, 20-gauge shotgun, which had been shipped and transported in interstate and foreign commerce, knowing and having reasonable cause to believe the firearms were stolen, in violation of Title 18, United States Code, Sections 922(j), 924 and 2.

## COUNT SIX

In or about June, 2002, defendants SHARON RENEE BAREFOOT and ROSSIE LYNWOOD STRICKLAND, a/k/a Rocky Strickland, aiding and abetting each other, did knowingly possess, barter, sell and dispose of stolen firearms, which had been shipped and transported in interstate and foreign commerce, knowing and having reasonable

cause to believe the firearms were stolen, in violation of Title 18, United States Code, Sections 922(j), 924 and 2.

## COUNT SEVEN

On or about January 22, 2003, in the Eastern District of North Carolina, defendant MICHAEL ANTHONY BREWER, having been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed, in and affecting commerce, five firearms, specifically, (1) a Smith and Wesson .357 caliber pistol, (2) a Mossberg 12-gauge shotgun, (3) a Ruger .22 caliber rifle, (4) a Keyston Sporting Arms Inc. .22 caliber rifle, and (5) an Intrac Arms 12-gauge shotgun, in violation of Title 18, United States Code, Sections 922(g)(1) and 924.

## COUNT EIGHT

On or about January 22, 2003, in the Eastern District of North Carolina, defendant MICHAEL ANTHONY BREWER did knowingly possess, conceal and store a stolen firearm, specifically, a Smith and Wesson .357 caliber pistol, which had been shipped and transported in interstate and foreign commerce, knowing and having reasonable cause to believe it was stolen, in violation of Title 18, United States Code, Sections 922(j) and 924.

6

## COUNT NINE

On or about June 16, 2003, defendant ROSSIE LYNWOOD STRICKLAND, a/k/a Rocky Strickland, knowingly sold two firearms to a person whom STRICKLAND knew, and whom STRICKLAND had reasonable cause to believe, had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, specifically, a Colt .22 caliber pistol and a Savage .22 caliber rifle, in violation of Title 18, United States Code, Sections 922(d)(1) and 924.

A TRUE BILL

_12/21/05_
DATE

FRANK D. WHITNEY
United States Attorney

BY: ERIC D. GOULIAN
Assistant United States Attorney

7