UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:05-CR-323-7BO

FILED IN OPEN COURT
ON 3-20-06
Fred L. Borch III, Clerk
US District Court
Eastern District of NC

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OF PLEA AGREEMENT** |
| | ) | |
| ROSSIE LYNWOOD STRICKLAND | ) | |

The United States of America ("Government"), by and through the United States Attorney for the Eastern District of North Carolina ("USA-EDNC"), and the Defendant, ROSSIE LYNWOOD STRICKLAND, with the concurrence of the Defendant's Attorney, William Davis, have agreed that the above-captioned case should be concluded in accordance with this Memorandum of Plea Agreement as follows:

1. This Memorandum constitutes the full and complete record of the Plea Agreement. There are no other agreements between the parties in addition to or different from the terms herein.

2. The Defendant agrees:

   a. To plead guilty to Counts One and Six of the Indictment herein.

   b. To make restitution to any victim, including any victim with respect to a Count dismissed as part of the agreement, in whatever amount the Court may order, pursuant to 18 U.S.C. §§ 3663 and 3663A.

Said restitution shall be due and payable immediately.

c. To waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea. The foregoing appeal waiver does not constitute or trigger a waiver by the United States of any of its rights to appeal provided by law.

d. To waive all rights, whether asserted directly or through a representative, to request or receive from the United States any records pertaining to the investigation or prosecution of this matter, except as provided in the Federal Rules of Criminal Procedure. This waiver includes, but is not

limited to, rights conferred by the Freedom of Information Act and the Privacy Act of 1974.

e.  To pay a special assessment for each count to which the defendant pleads guilty, pursuant to the provisions of 18 U.S.C. § 3013. The assessment shall be paid by the Defendant at sentencing. The Defendant or Defendant's counsel shall provide a check in payment of the said assessment directly to the Clerk, U.S. District Court/EDNC.

f.  To assist the Government in the recovery and forfeiture of any assets which facilitated and/or were acquired through unlawful activities, including all such assets in which the defendant has any interest or control.

g.  To complete and submit, if requested, a financial statement under oath to the Office of the USA-EDNC no later than two weeks after the entry of the guilty plea.

h.  To abide by any conditions of release pending sentencing and report timely for service of sentence.

i.  Whenever called upon to do so by the United States, (1) to disclose fully and truthfully in interviews with Government agents information concerning all

3

conduct related to the Indictment and any other crimes of which the Defendant has knowledge, and (2) to testify fully and truthfully in any proceeding. These obligations are continuing ones. The Defendant agrees that all of these statements can be used against the Defendant at trial if the Defendant is allowed to withdraw the guilty plea.

j. If the Defendant provides false, incomplete, or misleading information or testimony, this would constitute a breach of this Agreement by the Defendant, and the Defendant shall be subject to prosecution for any federal criminal violation. Any information provided by the Defendant may be used against the Defendant in such a prosecution.

k. To submit to a polygraph examination whenever requested by the Office of the USA-EDNC. The results of these examinations will be admissible only at the Defendant's sentencing, and at any hearing as to whether there has been a breach of this agreement. The Government may rely on these results in determining whether the Defendant has fulfilled any obligation under this Agreement.

4

3. The Defendant understands:

   a. That as to each count of the to which the Defendant is pleading guilty, the charge, code section, elements, and applicable penalties are as follows:

   **Count One:**

   (1) Charge: Conspiracy to possess stolen firearms

   (2) Code section violated: 18 U.S.C. § 371

   (3) Elements:

   <u>First</u>:  In or about October, 2001, Defendant entered into an agreement with others to possess stolen firearms;

   <u>Second</u>: Defendant did so knowingly; and

   <u>Third</u>:  At least one member of the conspiracy committed an overt act in furtherance of the conspiracy.

   (4) Maximum term of imprisonment: 5 years.

   (5) Minimum term of imprisonment: None.

   (6) Maximum term of supervised release: 3 years.

   (7) Maximum term of imprisonment upon revocation of supervised release: 2 years.

   (8) Maximum fine: $250,000.

   (9) Restitution pursuant to 18 U.S.C. §§ 3663 and 3663A, and as agreed to in Paragraph 2.b. above.

   (10) Special assessment: $100.

   **Count Six:**

   (1) Charge: Possession of stolen firearms and aiding and abetting

(2) Code section violated: 18 U.S.C. §§ 922(j) and (2)

(3) Elements:

First: ~~On~~ IN or about ~~October 13, 2001~~ JUNE 2002 P.2.5 , Defendant possessed stolen firearms, and aided and abetted others in doing so;

Second: Defendant did so knowingly; and

Third: the firearms had traveled in interstate commerce.

(4) Maximum term of imprisonment: 10 years.

(5) Minimum term of imprisonment: None.

(6) Maximum term of supervised release: 3 years.

(7) Maximum term of imprisonment upon revocation of supervised release: 2 years.

(8) Maximum fine: $250,000.

(9) Restitution pursuant to 18 U.S.C. §§ 3663 and 3663A, and as agreed to in Paragraph 2.b. above.

(10) Special assessment: $100.

b. That any sentence imposed will be without parole.

c. That the Court will take into account, but is not bound by, the applicable United States Sentencing Guidelines, that the sentence has not yet been determined by the Court, that any estimate of the sentence received from any source is not a promise, and that even if a sentence up to the statutory maximum is imposed, the Defendant may not withdraw the plea of guilty.

6

d.  That, unless Defendant is found unable to pay, the Court will impose a fine, and failure to pay it will subject Defendant to additional criminal and civil penalties pursuant to 18 U.S.C. §§ 3611-14.

4. The Government agrees:

   a.  That it will dismiss Count Nine of the Indictment as to this defendant only at sentencing.

   b.  That it reserves the right at sentencing to make a sentence recommendation and to present any evidence and information pursuant to 18 U.S.C. § 3661, to offer argument or rebuttal, to recommend imposition of restitution, and to respond to any motions or objections filed by the Defendant.

   c.  That the USA-EDNC will not further prosecute the Defendant for conduct constituting the basis for the Indictment; however, this obligation is limited solely to the USA-EDNC and does not bind any other state or federal prosecuting entities.

   d.  That it will make known to the Court at sentencing the full extent of the Defendant's cooperation, but the Government is not promising to move for departure pursuant to USSG §5K1.1, 18 U.S.C. § 3553(e), or Fed. R. Crim. P. 35.

7

e.  Pursuant to USSG §1B1.8, that self-incriminating information provided by the Defendant pursuant to this Agreement shall not be used against the Defendant in determining the applicable advisory Guideline range, except as provided by §1B1.8 and except as stated in this Agreement. The Government will not, however, withhold from the United States Probation Office any evidence concerning relevant conduct.

f.  That the USA-EDNC agrees not to use any information provided by the Defendant pursuant to this agreement to prosecute the Defendant for additional crimes, except for crimes of violence, and not to share any information provided by the Defendant pursuant to this agreement with other state or federal prosecuting entities except upon their agreement to be bound by the terms of this agreement.

5.  The parties agree to the following positions as to the below-listed sentencing factors only, which are not binding on the Court in its application of the advisory Guideline range; provided that if Defendant's conduct prior to sentencing changes the circumstances with respect to any such factors, the Government is no longer bound to its positions as to those factors:

8

a. A downward adjustment of two levels, or three levels if the adjusted offense level is 16 or greater, is warranted for acceptance of responsibility under USSG §3E1.1.

This the 20th day of March, 2006.

FRANK D. WHITNEY
United States Attorney

BY: _____
ERIC D. GOULIAN
Assistant United States Attorney
Criminal Division

_____
ROSSIE LYNWOOD STRICKLAND
Defendant

_____
WILLIAM DAVIS
Attorney for the Defendant

CONDITIONALLY APPROVED, this 20 day of March, 2006.

_____
TERRENCE W. BOYLE
United States District Judge

9